Daniel Cooper (SBN 153576)
daniel@sycamore.law
Jesse C. Swanhuyser (SBN 282186)
jesse@sycamore.law
SYCAMORE LAW, INC.
1004 O'Reilly Avenue, Ste. 100
San Francisco, CA 94129
Tel: (415) 360-2962

Nicole C. Sasaki (SBN 298736)
Nicole@baykeeper.org
SAN FRANCISCO BAYKEEPER
1736 Franklin Street, Suite 800
Oakland, CA 94612
Tel: (510) 735-9700

Attorneys for Plaintiff
SAN FRANCISCO BAYKEEPER

James R. Arnold (SBN 56262)
jarnold@arnoldlp.com
Tara Budiselic (Admitted; Bar No. Pending)
THE ARNOLD LAW PRACTICE
3685 Mt. Diablo Blvd., Suite 331 (East Bay Office)
Lafayette, CA 94549
Tel: (925) 284-8887

Attorneys for Defendant
GLOBAL PLATING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER, a public benefit non-profit corporation,<br><br>Plaintiff,<br>vs.<br><br>GLOBAL PLATING, INC., a California corporation,<br><br>Defendant. | Case No. 3:21-cv-05412-SK<br><br>**SUMMARY OF VALUE OF CASE FOR PROPORTIONALITY EVALUATION**<br><br>**CASE MANAGEMENT AND PRETRIAL ORDER (DKT. 21)** |

Plaintiff San Francisco Baykeeper ("Baykeeper" or "Plaintiff") and Defendant Global Plating, Inc. ("Global" or "Defendant") (collectively the "Parties") jointly provide the following information pursuant to the Court's case management and pretrial order (Dkt. 21), which requests a summary of the value of the case, including a good faith assessment of damages, to assist in evaluating proportionality with respect to any discovery disputes.

I.   **PLAINTIFF'S STATEMENT**

Damages are not available in citizen enforcement actions under the Clean Water Act. Therefore, as relevant to evaluating the value of the case, Baykeeper seeks: (a) injunctive relief in the form of an order requiring the Facility to implement pollution control measures and a monitoring program that comply with the Clean Water Act vis a vis compliance with California's National Pollutant Discharge Elimination System (NPDES) General Permit for Storm Water Discharges Associated with Industrial Activities ("General Permit") regulating the discharge of polluted storm water from facilities conducting industrial activities, and thus the Clean Water Act; (b) an assessment of civil penalties of up to $56,460.00 per day per violation, 33 U.S.C. § 1319(d), 40 C.F.R. § 19.4; and (c) an award to Plaintiff of its reasonable costs of suit, including attorney, witness, expert, and consultant fees, as permitted by section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d).

   a.   <u>Costs Associated With Injunctive Relief</u>

Plaintiff anticipates that the cost of implementing pollution control measures and a monitoring program that comply with the Clean Water Act and General Permit will range from $500,000.00 to $2,500,000.00. Global's revenue from the past five years is approximately $14,500,000.00.

   b.   <u>Assessment of Civil Penalties</u>

Pursuant to Section 309(d) of the Clean Water Act, 33 U.S.C. § 1319(d), and the Adjustment of Civil Monetary Penalties for Inflation, 40 C.F.R. § 19.4, each separate violation of the Clean Water Act subjects the violator to penalties of up to $56,460.00 per day per violation for violations occurring after November 2, 2015, where penalties are assessed on or after December 23, 2020.

While there is no formal floor for civil penalties, the Central District of California recently imposed $3,700,000.00 in civil penalties in a similar enforcement action under the Clean Water Act. *See Inland Empire Waterkeeper v. Corona Clay Co.*, 13 F.4th 917, 922 (9th Cir. 2021).

Here, Plaintiff can/will establish that Defendant has violated the Clean Water Act and General Permit *daily* over the five (5) year statutory period, including violations for Defendant operating without correct permit coverage, operating without an updated pollution prevention plan, failure to implement best management practices, and failure to implement a monitoring program accruing up to $103,039,500.00 per violation. Any assessment of civil penalties, therefore, has the potential to exceed $400,000,000.00.

c. <u>Attorney and Expert Fees and Costs</u>

The Clean Water Act provides for recovery of attorney's fees, expert fees/costs, and out of pocket costs incurred by a prevailing party in citizen enforcement. 33 U.S.C. § 1365(d). Baykeeper estimates that, attorney's fees, expert fees, and costs through trial are likely to range from a minimum of $1,000,000.00 to $2,000,000.00.

## II. DEFENDANT'S STATEMENT

Defendant's position is that it has not violated the Clean Water Act and the General Permit because it applied for and received NEC certification for the 2015 General Permit months several months before such application was even due.  It has also maintained a condition of "No Exposure" at its facility.  Defendant is in the process of sampling and testing various areas of its facility, such as a roof stack, its delivery area, and storm drain inlets and a parking/delivery it shares with other businesses.  Defendant's plant is contained within a single building; its belief is that there are no parts of its facility exposed to stormwater – however sampling and testing is being done.  As for Plaintiff's revenue estimate for Defendant of $2.9 million/year, a recent economic study of the U.S, metal finishing industry indicates the average independent metal finishing business has an estimated annual profit before federal and state taxes of 6.2%, or $179,800.

(a) <u>Defendant's Estimated Costs on Injunctive Relief</u>

Defendant has not calculated the potential costs of Plaintiff receiving injunctive relief.   But, if all profits were 100% applied to pay for $500,000 to $2,500,000 for pollution control measures

and monitoring programs as estimated by Plaintiff, the costs would be paid within 2.78 years to 13.90 years of profits before taxes.

    (b) <u>Defendant's Estimated Assessment of Civil Penalties</u>

As noted, Defendant does not believe at this time the Court was asking for civil penalties as damages in evaluating proportionality for discovery disputes. However, if annual profits before taxes of $179,800 were only applied to civil penalties of $3.7 million to $400 million, the penalties could be paid within 20.6 years to 2,224.7 years.

    (c) <u>Defendant's Estimated Attorney and Expert Fees and Costs</u>

If annual profits before taxes of $179,800 were only applied to Plaintiff's estimated minimum of $1,000,000 to $2,000,000, those costs could be paid within 5.56 years to 11.12 years.

Summing up, at an estimated annual profit of $179,800, the estimates in Plaintiff's categories could be paid within 29.3 years to 2,255.3 years.

Respectfully submitted:

Dated: December 6, 2021      <u>/s/ Jesse C. Swanhuyser</u>
                                            Jesse C. Swanhuyser
                                            Attorney for Plaintiff,
                                            San Francisco Baykeeper

Dated: December 6, 2021      <u>/s/ James R. Arnold</u>
                                            James R. Arnold
                                            Attorney for Defendant,
                                            Global Plating, Inc.